# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **WINSTON NaJEE REED,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:22CV00457 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **KYLE ROSCH, ET AL.,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendants. ) | |
| ) | |

*Winston NaJee Reed, Pro Se Plaintiff.*

The plaintiff, Winston NaJee Reed, an inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Upon review of the complaint, I conclude that the action must be summarily dismissed.

Reed, who is serving a criminal sentence for violating Virginia law, was previously confined at a facility operated by the Virginia Department of Corrections (VDOC). On November 4, 2020, VDOC officials transferred Reed to a state prison in Nevada, pursuant to an interstate compact between the the two states. He has been confined in Nevada ever since. In his Complaint, Reed contends that the defendant VDOC officials transferred him under false pretenses regarding his alleged gang affiliation and did not provide him appropriate notice or a chance to be heard before the transfer, in violation of his due process rights. In support of these

contentions, he offers copies of portions of the interstate compact under which he was transferred and various other grievance and disciplinary documents. As relief in this action, Reed seeks monetary damages and a transfer to the state of his choice.

Under 42 U.S.C. § 1997e(c)(1), the court may summarily dismiss a § 1983 action brought by a prisoner about prison conditions if the court concludes that it "is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is *plausible* on its face." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (citation omitted).

The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend XIV § 1. Where a claimant asserts procedural due process claims, as Reed does, the court must first consider whether the inmate has asserted a protectable interest and, if so, whether he was afforded the minimum procedural protections required by the Fourteenth Amendment before he was deprived of that interest. *Incumaa v. Stirling*, 791 F.3d 517, 526 (4th Cir. 2015). Without a federally protected interest at stake, the inmate has no federal claim to

particular procedural protections.  *Prieto v. Clarke*, 780 F.3d 245, 248 (4th Cir. 2015).  Reed's due process claim fails on the first prong of this analysis.

"Just as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State."  *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983).  Thus, it is well established that an inmate has no liberty interest under the Due Process Clause itself to be imprisoned within the state where he was convicted.

Reed might have a due process claim if he could show that a state law created a protected liberty interest in avoiding transfer out of state, as occurs in limited circumstances.  When a challenged status change does not inevitably affect the length of an inmate's term of confinement, his constitutionally protected liberty interests are limited to freedom from restraint that imposes atypical and significant hardship on him in relation to the ordinary incidents of prison life.  *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding that disciplinary segregation did not present the type of atypical, significant deprivation in which a state might create a liberty interest).  Reed does not state any facts suggesting that his transfer to Nevada will result in a longer prison term.  Nor does he state facts showing that his transfer has resulted in atypical or hardship living conditions.  Indeed, he does not describe any difference in prison conditions whatsoever between Virginia and Nevada prisons.  As such, Reed has failed to show that the transfer has deprived him of a

constitutionally protected liberty interest. Therefore, I will summarily dismiss the case, pursuant to § 1997e(c)(1), for failure to state a claim upon which relief can be granted.

    A separate Order will be entered herewith.

                                       DATED:   October 28, 2022

                                       /s/  JAMES P. JONES
                                       Senior United States District Judge